IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530-0001,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. ("Plaintiff") brings this action against Defendant U.S. Department of Justice ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the responses and disseminates its findings

and the requested records to the American public to inform them about "what their government is up to."

4. Defendant is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530-0001.

## STATEMENT OF FACTS

5. On August 14, 2017, Plaintiff submitted a FOIA request, through an on-line submission system, to Defendant seeking the following records:

> **All records of communications between the Dept of Justice and former FBI director James Comey prior to and regarding Comey's testimony before the Senate Select Committee on Intelligence on June 8, 2017.**

The timeframe for the request was May 15, 2017 to June 8, 2017.

6. By a letter dated September 14, 2017, Defendant acknowledged receipt of Plaintiff's FOIA request on August 14, 2017. The letter confirmed that Plaintiff and Defendant subsequently agreed that four components of Defendant would be searched and assigned tracking numbers to each: (i) Office of the Attorney General (DOJ-2017-006052(AG)); (ii) Office of the Deputy Attorney General (DOJ-2017-006608 (DAG)); (iii) Office of Legislative Affairs (DOJ-2017-006609)); Office of Public Affairs (DOJ-2017-006610)). Defendant also advised that "unusual circumstances" required it to extend the time for its response "beyond the ten additional days provided by the statute." Defendant did not specify when it would issue its determination on the request.

7. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to

produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

10. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with the request within thirty (30) working days of receipt. Accordingly, Defendant's determination was due on or about October 30, 2017. By this date, Defendant was obligated to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013).

11. Because Defendant failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim

of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  November 2, 2017                           Respectfully submitted,

*/s/ James F. Peterson*
James F. Peterson
D.C. Bar No. 450171
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Email: jpeterson@judicialwatch.org

*Counsel for Plaintiff*